STATE OF NORTH CAROLINA v. WILLIAM DAVID FIELDS

No. 7127SC359

(Filed 14 July 1971)

1. Criminal Law § 140— imposition of punishment — concurrent sentences

A sentence imposed upon defendant's conviction of nonsupport runs concurrently with two consolidated sentences that were imposed two days earlier upon defendant's conviction of other offenses, where the trial judge did not provide that the nonsupport sentence was to run consecutively with the other sentences. G.S. 15-6.2.

2. Criminal Law § 140— concurrent or consecutive sentences — effect of probation revocation statute

The statute authorizing the judge in a probation revocation hearing "to deal with the case as if there had been no probation or suspension of sentence" does not authorize the judge, when activating

State v. Fields

sentences of imprisonment, to make consecutive those sentences of imprisonment which run concurrently as a matter of law. G.S. 15-200.

3. Constitutional Law § 36— cruel and unusual punishment — failure of State to furnish appearance bond to indigent

Failure of the State to furnish an indigent defendant an appearance bond in the amount set by the court is not cruel and unusual punishment.

APPEAL by defendant from *Thornburg, Judge,* 8 February 1971 Session of Superior Court held in GASTON County.

On 13 January 1970 in district court in case no. 69-CR-18245, the defendant entered a plea of guilty to a charge of non-felonious breaking and entering and was given a two-year prison sentence. On the same date in case no. 69-CR-17848, the defendant entered a plea of guilty to the possession of narcotics and illegal drugs and was given a two-year prison sentence. Both cases were consolidated in one probationary judgment. The two sentences were ordered to run consecutively, and they were suspended for five years.

On 15 January 1970 in district court in case no. 69-CR-21587, the defendant entered a plea of guilty of failing to support his minor children and was given a six-months prison sentence which was suspended for five years. He was placed on probation on the conditions set out in the probationary judgment.

On 6 August 1970 a probation violation warrant and order for capias was entered on both of the probationary judgments. On 13 January 1971, after a hearing, an order was entered by the district judge revoking the probation in all three cases and ordering the six-months sentence "to run at the expiration of the sentences entered in Docket Nos. 69-CR-18245 and 69-CR-17848."

The defendant appealed to the superior court. After a hearing Judge Thornburg found that the defendant had wilfully violated the terms of the probationary judgments, ordered the prison sentences into effect, and ordered the six-months sentence in no. 69-CR-21587 "to run at the expiration of the sentences entered in Docket Nos. 69-CR-18425 and 69-CR-17848." The defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorney Eatman for the State.*

*William G. Holland for defendant appellant.*

MALLARD, Chief Judge.

The defendant's contention that the evidence was insufficient to support the finding that the defendant had wilfully and intentionally violated the terms of the probationary judgments is without merit.

[1]    Defendant contends that the sentence for non-support should run concurrently with the other sentences. The Attorney General does not disagree. When the defendant was sentenced on the charge of non-support of his minor children, the trial judge did not provide that the sentence was to run consecutively. In the case at bar separate sentences were pronounced on each of the three charges. In each of the sentences the defendant was sentenced to "Gaston County Jail, to be assigned to work under the supervision of the State Department of Correction of North Carolina." We hold that the six-months sentence on the non-support charge runs concurrently with the other sentences. See G.S. 15-6.2. In *State v. Efird,* 271 N.C. 730, 157 S.E. 2d 538 (1967), the Supreme Court said:

> "Separate judgments, each imposing a prison sentence, were pronounced. Each judgment is complete within itself. Absent an order to the contrary, these sentences run concurrently as a matter of law."

[2]    We do not interpret the provisions of G.S. 15-200 (providing that the judge "shall proceed to deal with the case as if there had been no probation or suspension of sentence") as statutory authority for the judge, at a probation revocation hearing, to order the sentence imposed by the trial judge to run consecutively with some other sentence unless the trial judge ordered it at the time the sentence was imposed. To do so would permit the hearing judge to increase the severity of the punishment imposed by the trial judge.

Also in G.S. 15-200.1, relating to appeals from a probationary or suspended sentence revocation of a court inferior to the superior court, there appears the following language:

"Upon its finding that the conditions were violated, the superior court shall enforce the judgment of the lower court unless the judge finds as a fact that circumstances and conditions surrounding the terms of the probation and the violation thereof have substantially changed, so that enforcement of the judgment of the lower court would not accord justice to the defendant, in which case the judge may modify or revoke the terms of the probationary or suspended sentence in the court's discretion."

In the case at bar there is no finding as a fact by Superior Court Judge Thornburg that circumstances and conditions surrounding the terms of the defendant's probation and the violation thereof have substantially changed so that the enforcement of the judgment of the trial judge would not accord justice to the defendant. There was no factual basis for any change in the sentence imposed by the trial judge. Therefore, it was error for Judge Thornburg, after finding that the conditions were violated, to do anything other than "enforce the judgment of the lower court." We do not reach or decide the question as to whether, under proper findings, the word "modify" in this statute is authority for a judge, after a revocation hearing, to increase the punishment. Suffice to say, in Webster's Third New International Dictionary (1968), "modify" means "to make more temperate and less extreme: lessen the severity of: MODERATE."

[3] Defendant's assignment of error "that it is cruel and unusual punishment for the State of North Carolina not to furnish the defendant, who is an indigent, an appearance bond in the amount set by the Court" is overruled.

The commitment issued in case no. 69-CR-21587 is ordered stricken, and this cause is remanded to the Superior Court of Gaston County with instructions that an order issue directing that the sentence in case no. 69-CR-21587 is to run concurrently with the sentence imposed in the case bearing docket no. 69-CR-18245.

There is no error in the cases bearing docket no. 69-CR-18245 and docket no. 69-CR-17848.

Remanded with directions.

Judges CAMPBELL and HEDRICK concur.