STATE OF NORTH CAROLINA v. HENRY CLIFFORD BYRD, SR.

No. 7418SC630

(Filed 18 September 1974)

1. Criminal Law § 145.1— revocation of probation — changing residence without permission — consideration of additional grounds

Defendant's probation was properly revoked on the ground that defendant changed his place of residence without advising his probation officer, and it was unnecessary for the appellate court to determine whether the evidence supported revocation on the additional ground that defendant wilfully failed to make restitution payments ordered by the court.

2. Criminal Law §§ 140, 145.1— probation revocation — authority to order consecutive sentence

A judge activating a probationary sentence has no authority to cause such sentence to run consecutively to a sentence imposed on defendant after the trial at which the probationary sentence was imposed.

State v. Byrd

APPEAL by defendant, Henry Clifford Byrd, Sr., from *Long, Judge,* 25 March 1974 Session of Superior Court held in GUIL-FORD County. Before the Court of Appeals on 27 August 1974, counsel submitted the case on briefs pursuant to North Carolina Court of Appeals Rule 10.

In separate indictments in April and May 1973, defendant was charged respectively with felonious assault with a deadly weapon with intent to kill inflicting serious bodily injury and with felonious possession of a handgun (the defendant having been previously convicted of forgery in Virginia). On June 8, 1973, the jury, in the trial of the felonious assault charge, found the defendant guilty, after which the defendant was sentenced to five (5) years in the State's prison. The execution of the sentence was suspended subject to certain terms and conditions which were incorported in Probation Judgment No. 73CR22434 (filed June 26, 1973). On July 18, 1973, the defendant, on proper waiver of counsel, pleaded guilty in open court to felonious possession of a handgun which arose out of the same transaction as the felonious assault charge. Judgment was entered thereafter sentencing the defendant to six (6) months in county jail. This judgment was suspended on certain terms and conditions by Judgment No. 73CR19744 (filed July 18, 1973).

On December 19, 1973, a probation warrant and order for a capias, No. 73CR22434, was issued upon information contained in a report by Glenwood Wilson, a duly authorized probation officer, that the defendant had violated the terms and conditions of his probation in the assault case, to wit:

(1) that the defendant, on or about November 1, 1973, after having accepted probation and supervision, changed his place of residence without advising his probation officer;

(2) that the defendant changed jobs without the written consent of his probation officer; and,

(3) that the defendant has failed to pay into the office of the Clerk any of the required $30 weekly installments on $2,000, which was to be applied *pro rata* on hospital and doctor bills.

On December 18, 1973, a probation warrant and order for a capias, No. 73CR19744, was issued upon information contained in another report by Officer Wilson that the defendant had

State v. Byrd

violated the conditions of his probation in the felonious posses-
sion case by his failure to advise Wilson of a change in residence
and by his failure to pay court costs of $109 within sixty (60)
days of judgment as required by the probation judgment of
July 18. On 26 February 1974, the defendant's probation offi-
cer served two bills of particulars on defendant pursuant to
G.S. 15-200.1 advising him that the officer intended to submit
to the Judge of the Superior Court at the 18 February 1974 Ses-
sion his report of alleged probation violations which, if found
true, would constitute authority to said judge to put the sus-
pended sentences into effect. At the call of these cases, the
defendant, in open court and represented by counsel, admitted
and stipulated that he had left his place of residence without
the permission of his probation officer and that he was $740
behind in payments.

At the conclusion of the above hearing, Judge Long found
that the defendant changed residence and jobs without the con-
sent of his probation officer, that the defendant being able-
bodied and working part-time wilfully failed to make any weekly
restitutionary payments, and that he likewise failed to pay
court costs. Judge Long thereupon, in his discretion, revoked
the probation in each case and ordered the prison sentence into
immediate effect.

Defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan by Associate Attorney
John R. Morgan, for the State.*

*Assistant Public Defender Dallas C. Clark, Jr., for defend-
ant appellant.*

CAMPBELL, Judge.

The defendant contends that the trial court erred in finding
that the defendant wilfully failed to pay into court the monies
ordered under the probationary judgments imposed in both
cases and that the court erred in ordering revocation of defend-
ant's probationary sentences. By way of a motion filed 21 August
1974 with the Court of Appeals, the defendant argues that the
judgment of Judge Long in the probation revocation hearing
should be arrested in that it sought to impose execution of the
suspended sentences at the end "of any prison sentence now
being served by the defendant." Between the time of the original

judgments suspending sentence and the judgment putting the sentences into effect the defendant had been convicted of larceny.

[1]  The first contention of the defendant-appellant is directed toward the finding by Judge Long "that between July 18, 1973, and September 17, 1973, the defendant was able-bodied and worked part-time but wilfully failed to pay restitutionary installments as ordered by the court." Discussion of this assignment of error is unnecessary. The defendant admitted in open court that he had changed residences without the written consent of his probation officer in clear violation of his probation. In fact, the verified report of Officer Wilson discloses that he was completely unaware of the defendant's whereabouts for almost four months.

Under G.S. 15-199 (3) and (6), the legislature has empowered the court to impose conditions of probation requiring the probationer to report to the probation officer as directed and remain within a specified area. There can be little doubt that the residency and reporting requirements were valid.

Furthermore, "[p]robation or suspension of sentence comes as an act of grace to one convicted of . . . a crime." *State v. Duncan,* 270 N.C. 241, 245, citing *Escoe v. Zerbst,* 295 U.S. 490, 79 L.Ed. 1566 (1934). All that is required is that there be enough evidence to reasonably satisfy the judge in his sound discretion that the defendant has violated a valid condition of probation. It is well established that "[t]he breach of any single valid condition upon which sentence was suspended will support an order activating the sentence." *State v. Braswell,* 283 N.C. 332, 337, 196 S.E. 2d 185 (1973), citing *State v. Seagraves,* 266 N.C. 112, 145 S.E. 2d 327 (1965). There was no abuse of discretion here.

[2]  The propriety of the defendant-appellant's motion in arrest of judgment filed just six days before oral argument is based on the presence of some fatal error on the face of the record proper. *State v. McClain,* 282 N.C. 357, 193 S.E. 2d 108 (1972). The defendant contends that a fatal error appears in the judgment which is part of the record proper, so the real problem involves the question of fatal error. That question can only be answered by looking to the authority of the judge in the probation revocation hearing, specifically, whether he can execute a sentence suspended in a prior trial and have it run consecutively with another sentence imposed in a subsequent trial.

In the present case, Judge Long sought to execute the sentence at the prior trial by having it run consecutively with a sentence imposed at a subsequent trial. This he could not do. *State v. Fields,* 11 N.C. App. 708, 182 S.E. 2d 213 (1971). It is therefore ordered that judgment of probation revocation No. 73CR22434 be modified to provide that the sentence begin to run immediately.

Affirmed as modified.

Judges PARKER and VAUGHN concur.