STATE OF NORTH CAROLINA v. HARVEY PITTS

No. 7521SC1

(Filed 7 May 1975)

1. Parent and Child § 9— nonsupport of child — sufficiency of findings

In a prosecution of defendant for wilful refusal to support his illegitimate children, facts found by the trial court were sufficient to support the court's conclusion that defendant had failed to comply with conditions on which his sentences had been suspended and revocation of the suspension was proper where the evidence tended to show that defendant was in arrears in making child support payments, that he had been gainfully employed and earning money on a regular weekly basis, and that his only excuse for not complying with the orders of the court was that the mother of the children would not accept money from him and would not allow him to see the children.

2. Criminal Law §§ 138, 143— revocation of suspended sentences — sentences to run concurrently

In revoking the suspension of sentences in two nonsupport cases, the trial court erred in requiring that the sentences run consecutively where there was no provision that they were to run consecutively in the judgments in which the sentences were originally imposed.

APPEAL by defendant from Exum, Judge. Judgments entered 4 October 1974 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 March 1975.

State v. Pitts

In Case No. 71-CR-7523 defendant pled guilty in district court to the charge that he willfully refused to support his illegitimate child born 4 July 1967, and judgment was entered on 2 April 1971 sentencing defendant to jail for a period of three months. This sentence was suspended for a period of five years on conditions set out in the judgment, including the condition that beginning 9 April 1971 defendant pay $10.00 each week into the office of the clerk of superior court for the use and benefit of the child. In Case No. 71-CR-7524 defendant also pled guilty in district court to the charge that he willfully refused to support his illegitimate child born 5 February 1965, and judgment was entered in that case on 2 April 1971 sentencing defendant to jail for a period of six months. This sentence was also suspended for a period of five years on conditions set out in the judgment.

On 6 August 1971 the district court, after notice and hearing, found in Case No. 71-CR-7523 that defendant was in arrears in his support payments and that he had willfully failed to comply with a valid condition upon which execution of the sentence in that case had been suspended. On these findings the district court ordered the suspension revoked and issued commitment placing the three months sentence into effect. On the same date, 6 August 1971, the district court in Case No. 71-CR-7524 found that defendant was in arrears in his support payments and that he had willfully failed to comply with a valid condition upon which execution of the sentence in that case had been suspended. Accordingly, the district court also ordered the suspension of sentence in Case No. 71-CR-7524 revoked and ordered that defendant be imprisoned for the term of six months, "to run at the expiration of sentence in 71-CR-7523." From these orders of the district court defendant appealed in both cases to the superior court.

The record indicates that the appeals were heard at the 30 September 1974 session of the superior court, but does not indicate any reason why the hearing was so long delayed. At the hearing in the superior court defendant was represented by court-appointed counsel and appeared and testified. At the conclusion of the hearing the court entered judgments in each case dated 4 October 1974 in which the court made detailed findings of fact, including findings that defendant had been in arrears on 6 August 1971 and still remained in arrears, that since 8 October 1971 he had made only two payments into the clerk's office,

that throughout the period in question defendant had been gainfully employed and earning money on a regular weekly basis, and that his only excuse for not complying with the orders of the court was that the mother of the children would not accept money from him and would not allow him to see the children. The court found that defendant had willfully failed to comply with conditions on which the sentences had been suspended, ordered the three months sentence in Case No. 71-CR-7523 placed into immediate effect, and ordered the six months sentence in Case No. 71-CR-7524 placed into effect "to run at the expiration of the sentence imposed in case number 71CR7523."

Defendant appealed.

*Attorney General Edmisten by Assistant Attorney General William Woodward Webb for the State.*

*Edward B. Higgins, Jr. for defendant appellant.*

PARKER, Judge.

By his single assignment of error appellant seeks to challenge the sufficiency of the evidence to support the court's findings. This assignment lacks merit. The evidence is amply sufficient to support the court's findings of fact. Moreover, appellant failed to note an exception to any particular finding of fact, and, indeed, made no exception whatever throughout the record on this appeal. Although the appeal itself constitutes an exception to the judgments appealed from, an appeal alone does not present for review the sufficiency of the evidence to support the court's findings of fact. 1 Strong, N. C. Index 2d, Appeal and Error, § 26. Our review in this case is limited, therefore, to whether error of law appears on the face of the record. This includes the question whether the facts found support the judgments appealed from and whether the judgments are regular in form, but does not present for review the sufficiency of the evidence to support the findings.

[1] In the judgments appealed from the court found as a fact that defendant had willfully failed to comply with valid conditions upon which his sentences had been suspended. This was more than was required. "[A]ll that is required to revoke a suspension of a sentence in a criminal case, and to put the sentence into effect is that the evidence shall satisfy the judge in the exercise of his sound discretion that the defendant has violated, without lawful excuse, a valid condition upon which the sen-

State v. Pitts

tence was suspended and that the judge's findings of fact in the exercise of his sound discretion are to that effect." *State v. Robinson*, 248 N.C. 282, 287, 103 S.E. 2d 376, 380 (1958). In the present case the court supported its findings as to willfulness by making detailed findings of fact, including findings as to defendant's continued failure to make the support payments specified as a condition of suspension, a finding that throughout the period in question he had been gainfully employed and earning money at a regular weekly rate, and a finding that his "only excuse" for not complying with the court's orders was that the mother of the children would not accept money from him and would not allow him to see the children. As the court noted, defendant had been ordered to make payments to the office of the clerk of superior court, not to the children's mother, and the payments were to be for their benefit, not hers. Defendant's "only excuse" was not a lawful excuse, and the court's detailed findings fully support its judgments that the suspended sentences should be put into effect.

[2] Although not discussed in the briefs, we note from the record that when the sentences in the two cases were first imposed on 2 April 1971, the trial court did not provide that the sentences were to run consecutively. Each judgment was complete within itself. Absent a provision to the contrary in the judgments in which the sentences were originally imposed, these sentences run concurrently as a matter of law. *State v. Efird*, 271 N.C. 730, 157 S.E. 2d 538 (1967). The court had no authority in the revocation hearing to order that they run consecutively. *State v. Fields*, 11 N.C. App. 708, 182 S.E. 2d 213 (1971).

The result is:

In Case No. 71-CR-7523, the judgment is

Affirmed.

In Case No. 71-CR-7524, the cause is remanded to the Superior Court in Forsyth County with directions that the judgment and commitment in that case be modified by striking therefrom the language "this sentence to run at the expiration of the sentence imposed in case number 71CR7523."

Remanded with directions.

Judges HEDRICK and CLARK concur.