STATE OF NORTH CAROLINA v. MARY COX COLTRANE

No. 8119SC1281

(Filed 6 July 1982)

**1. Criminal Law § 143.2— probation revocation—adequacy of notice and hearing**

There was no merit to defendant's contention that she received inadequate notice and hearing concerning revocation of her probation where it was clear from the record that defendant received notice and appeared, represented by counsel, at a hearing conducted pursuant to the violation report filed by her probation officer.

**2. Criminal Law § 143.2— probation revocation—validity of order revoking probation—second hearing continuation of first—proper procedural steps followed**

In a prosecution for a probation violation where defendant was alleged to have willfully violated the terms of her probation by failing to secure employment although employment was available, there was no merit to defendant's contentions that a 28 September 1981 order was invalid because defendant did not have the opportunity to present evidence and qualify and examine witnesses among other errors since the court fulfilled the proper procedural steps in a hearing held on 11 September 1981 in which the trial court found defendant in violation of probation but gave her two weeks in which to comply with the requirement, and since the two weeks between the hearing and entry of the revocation order merely constituted a grace period granted by the judge in his discretion to allow defendant one last chance to avoid activation of her sentence.

APPEAL by defendant from *Hairston, Judge.* Orders entered 11 September 1981, 28 September 1981 and 1 October 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 6 May 1982.

Defendant was convicted on 8 October 1980 of breaking, entering and larceny and sentenced to five years in prison. She was placed on probation subject to the condition that she "[w]ork faithfully at suitable employment or faithfully pursue a course of study or vocational training."

On 20 May 1981, defendant's probation officer filed a violation report with the clerk of superior court stating that she had been unable to confirm any employment by defendant although employment was available. Defendant was arraigned for probation violation and called for hearing on 10 September 1981.

State's evidence tended to show that defendant had delayed finding a job or going to school for several months following her

conviction. Following the violation report filed by her probation officer, however, defendant had completed her G.E.D. requirements. Although defendant was neither employed nor enrolled in school at the time of the hearing, the probation officer recommended continuation of her probation.

In its order dated 11 September 1981, the court found that defendant had willfully violated the terms of her probation by failing to secure employment although employment was available. The court ordered, however, that defendant be continued on probation with the modification that defendant be required to gain full-time employment. Defendant was given two weeks in which to comply with this requirement.

Defendant again appeared before Judge Hairston on 28 September 1981. She admitted she had not secured a job and was not permitted to present evidence of her good faith efforts to obtain employment. The court issued an order revoking defendant's probation and activating her sentence on a finding that she had willfully violated probation.

On 1 October 1981, defendant's motion to strike revocation of her probation was denied. Defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General John C. Daniel, Jr., for the State.*

*Stephen E. Lawing for defendant appellant.*

ARNOLD, Judge.

[1] Defendant's first assignment of error is that the court modified the terms of her probation without a showing of good cause and without notice and hearing in violation of G.S. 15A-1344(d).

It is clear from the record that defendant received notice and appeared, represented by counsel, at the hearing conducted on 10 September 1981 pursuant to the violation report filed by her probation officer. We find no merit, therefore, in her contention that she received inadequate notice and hearing. Moreover, we find abundant evidence in the record to indicate that defendant failed to make a good faith effort to comply with the terms of her probation. She enrolled in school only after repeated prodding by her

probation officer and was not in school or working at the time of her hearing.

We wish to emphasize that a grant of probation is a privilege afforded by the court and not a right to which a felon is entitled. In view of this fact, the court is given considerable discretion in determining whether good cause exists for modifying the terms of probation. The court had before it here evidence that defendant had obtained a high school equivalency certificate, that she was not enrolled in school and had no apparent commitment to a course of study at the time of the hearing, and that she had two young children to support. The judge reasonably concluded defendant should no longer be entitled to put off working to support her children. We find no abuse of discretion.

[2] Defendant next challenges the validity of the 28 September 1981 order revoking her probation. Several assignments of error are made relative to the order and the conduct of the hearing including lack of notice, lack of opportunity to present evidence and cross-examine witnesses, and lack of written notice of modification of probation. We find no merit in these contentions, however, because the second hearing was, in reality, a continuation of the first. The court had fulfilled the proper procedural steps in the first hearing and made findings of fact sufficient to support revocation of defendant's probation. The two weeks between that hearing and entry of the revocation order merely constituted a grace period granted by the judge in his discretion to allow defendant one last chance to avoid activation of her sentence. Defendant was notified in court that she had two weeks in which to obtain employment or the case would return to court. The import of such an ultimatum was clear and the result of defendant's failure to comply was predictable. We find no prejudicial error.

Affirmed.

Judges VAUGHN and MARTIN (Robert M.) concur.