STATE OF NORTH CAROLINA v. SAM PAIGE (PAGE)

No. 873SC979

(Filed 3 May 1988)

Criminal Law § 143.12— probation revocation—consecutive sentences—no error

The trial court did not err when activating previous sentences after a probation revocation by ordering that defendant's sentence for felonious breaking or entering begin at the expiration of his sentence for possession of stolen goods. The authority for the trial court to impose consecutive prison sentences upon revocation of probation is expressly provided in N.C.G.S. § 15A-1344(d) (1983).

APPEAL by defendant from *Thomas S. Watts, Judge.* Judgment entered 18 May 1987 in Superior Court, PITT County. Heard in the Court of Appeals 11 April 1988.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General James E. Magner, Jr., for the State.*

*Assistant Public Defender Arthur M. McGlauflin for defendant-appellant.*

BECTON, Judge.

On 18 November 1986, defendant pleaded guilty to misdemeanor possession of stolen goods. He was sentenced to one year in prison. This sentence was suspended, and defendant was placed

on probation for a period of three years. On 28 January 1987, defendant pleaded guilty to felonious breaking and entering. He was sentenced to five years imprisonment. This sentence was also suspended, and defendant was placed on probation for five years.

On 11 May 1987, a probation violation report was filed by defendant's probation officer alleging that defendant had violated the terms and conditions of his probationary judgments. After a hearing, the trial court entered an order revoking defendant's probation and activating his suspended sentences. The trial court ordered defendant's sentence for breaking and entering "to begin at [the] expiration of [his sentence for possession of stolen goods]." Defendant appealed.

Defendant contends the trial court committed reversible error in ordering his sentence for breaking and entering to run consecutively with his sentence for possession of stolen goods. We disagree.

The authority for the trial court to impose consecutive prison sentences upon revocation of probation is expressly provided in N.C. Gen. Stat. Sec. 15A-1344(d) (1983). That section provides:

> . . . A sentence activated upon revocation of probation commences on the day probation is revoked and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period unless the revoking judge specifies that it is to run consecutively with the other period.

As we read it, this section permits the trial court to impose a consecutive sentence when a suspended sentence is activated upon revocation of a probationary judgment without regard to whether the sentence previously imposed ran concurrently or consecutively. Thus, under this section, the trial court in the present case had the authority to order defendant's sentence for felonious breaking and entering to be served consecutively to his sentence for possession of stolen goods. Accordingly, we hold that the trial court did not err in ordering that defendant's sentence for felonious breaking or entering begin at the expiration of his sentence for possession of stolen goods.

We are aware of *State v. Fields*, 11 N.C. App. 708, 182 S.E. 2d 213 (1971) and *State v. Pitts*, 25 N.C. App. 548, 214 S.E. 2d 211

(1975). In these cases, we held that the trial court, upon revocation of a probationary judgment, lacked authority to impose a consecutive sentence unless the original judgment provided that the sentence would run consecutively with a sentence imposed in another case. *Accord State v. Byrd*, 23 N.C. App. 63, 208 S.E. 2d 216 (1974). Suffice it to say, these cases were decided prior to the enactment of N.C. Gen. Stat. Sec. 15A-1344(d) and are not applicable here.

The judgment of the trial court is

Affirmed.

Judges PHILLIPS and COZORT concur.