STATE OF NORTH CAROLINA v. FELTON IAN HANNER

No. COA07-757

(Filed 15 January 2008)

**1. Probation and Parole— revocation—sentence changed from concurrent to consecutive**

The trial court did not err by activating defendant's suspended sentences and specifying that the sentences should run consecutively instead of concurrently as originally imposed pursuant to N.C.G.S. § 15A-1344(d) and *State v. Paige*, 90 N.C. App. 142.

**2. Sentencing— probation revoked—sentence changed from concurrent to consecutive—defendant not present**

The trial court erred when revoking defendant's probation by changing some of defendant's terms to consecutive from concurrent (which it had the authority to do) but without defendant's presence.

Judge TYSON concurring in part and dissenting in part.

Appeal by Defendant from judgments entered 5 December 2005 by Judge Richard L. Doughton in Guilford County Superior Court. Heard in the Court of Appeals 29 November 2007.

STATE v. HANNER

[188 N.C. App. 137 (2008)]

*Attorney General Roy Cooper, by Assistant Attorney General Brent D. Kiziah, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender Matthew D. Wunsche, for Defendant.*

ARROWOOD, Judge.

Defendant appeals from judgments entered revoking Defendant's probation and activating Defendant's suspended sentences. For the reasons discussed herein, we vacate the sentences imposed in 05 CRS 78686 and 05 CRS 86681 and remand 05 CRS 78686 and 05 CRS 86681 for a new sentencing hearing.

Defendant pled guilty to the following offenses pertinent to this appeal: five counts of breaking and entering, five counts of larceny after breaking and entering, three counts of obtaining property by false pretenses, two counts of possession of stolen property, and one count of financial transaction card theft. Defendant's plea agreement reflects that "[i]n exchange for [Defendant's] cooperation[,] these offenses shall be consolidated into [eight] consecutive . . . judgments." At Defendant's plea hearing on 6 March 2006, the trial court rendered judgment sentencing Defendant pursuant to Defendant's plea agreement, under eight distinct file numbers, to eight consecutive sentences of 8 to 10 months imprisonment.

The trial court entered, among other judgments, the following judgments pertinent to Defendant's appeal, setting two sentences to run concurrently that were announced in open court as running consecutively:

*05 CRS 66373,* Consolidated Judgment and Commitment on Breaking and Entering and Larceny. Suspended sentence of 8 months to a maximum term of 10 months.

*05 CRS 66813,* Consolidated Judgment and Commitment on Breaking and Entering and Larceny. Suspended sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 66373.*

*05 CRS 78686* and *05 CRS 77933,* Consolidated Judgment and Commitment on Possession of Stolen Goods and Breaking and Entering. Suspended sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 66373.*

*05 CRS 86681* and *05 CRS 86121*, Consolidated Judgment and Commitment on Larceny and Breaking and Entering. Suspended sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 66373*.

"The sentence actually imposed . . . was the sentence contained in the written judgment," not the sentence rendered in open court. *State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999) (citing *Abels v. Renfro Corp.*, 126 N.C. App. 800, 803, 486 S.E.2d 735, 737 (1997) ("[a]nnouncement of judgment in open court merely constitutes 'rendering' of judgment, not entry of judgment")).

In open court on 8 November 2006, the trial court rendered judgment revoking Defendant's probation and placing "[Defendant's] sentence in effect just as it was given[.]" However, on 5 December 2006, when the judgments were entered, the trial court veered from the original judgments, setting two sentences to run consecutively which were set on 6 March 2006 to run concurrently. The court entered, among other judgments, the following judgments pertinent to Defendant's appeal:

*05 CRS 66373*, Judgment and Commitment upon Revocation of Probation. Activated sentence of 8 months to a maximum term of 10 months.

*05 CRS 66813*, Judgment and Commitment upon Revocation of Probation. Activated sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 66373*.

*05 CRS 78686*, et al., Judgment and Commitment upon Revocation of Probation. Activated sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 76450*.

*05 CRS 86681*, et al., Judgment and Commitment upon Revocation of Probation. Activated sentence of 8 months to a maximum term of 10 months, to begin at the expiration of the sentence imposed in *05 CRS 78686*.

The sentences imposed in 05 CRS 78686 and 05 CRS 86681 were originally entered to run concurrently with 05 CRS 66813 at the expiration of 05 CRS 66373. However, upon Defendant's revocation of probation, the sentences in 05 CRS 78686 and 05 CRS 86681 were entered to run

not as originally set, but rather, to run consecutively, which resulted in the extension of Defendant's term of imprisonment. From these judgments, Defendant appeals.

[1] In his first argument, Defendant contends that the trial court erred by activating Defendant's suspended sentences such that two sentences which were set to run concurrently in the original judgments were set to run consecutively in the judgments upon the revocation of Defendant's probation. We find this argument to be without merit.

N.C. Gen. Stat. § 15A-1344(d) (2005) states the following:

A sentence activated upon revocation of probation commences on the day probation is revoked and runs concurrently with any other period of probation, parole, or imprisonment to which the defendant is subject during that period unless the revoking judge specifies that it is to run consecutively with the other period.

In *State v. Paige*, 90 N.C. App. 142, 143, 369 S.E.2d 606, 606 (1988), this Court interpreted G.S. § 15A-1344(d):

As we read it, this section permits the trial court to impose a consecutive sentence when a suspended sentence is activated upon revocation of a probationary judgment without regard to whether the sentence previously imposed ran concurrently or consecutively. Thus, under this section, the trial court in the present case had the authority to order defendant's sentence for felonious breaking and entering to be served consecutively to his sentence for possession of stolen goods.

In *Paige*, the original judgments entered upon the defendant's convictions of felonious breaking and entering and possession of stolen goods did not specify whether the sentences would run concurrently or consecutively. If a judgment fails to specify whether multiple sentences are to run consecutively or concurrently, the sentences run concurrently. *See* N.C. Gen. Stat. § 15A-1354(a) (2005). The trial court, however, in activating the defendant's suspended sentences, specified that the sentences should run consecutively. This Court upheld the trial court's ruling.

*Paige* is binding authority in the case *sub judice*. Here, pursuant to G.S. § 15A-1344(d) and *Paige* the trial court did not err by activating Defendant's suspended sentences and specifying that the sen-

tences should run consecutively instead of concurrently. This assignment of error is overruled.

---

[2] In his second argument, Defendant contends that the trial court violated Defendant's right to be present during sentencing by entering a written judgment imposing a longer prison term than that which the trial court rendered in open court at Defendant's revocation hearing. We agree.

"The Defendant had a right to be present at the time that sentence was imposed." *Crumbley*, 135 N.C. App. at 66, 519 S.E.2d at 99 (citations omitted).

We find this Court's opinion in *Crumbley* authoritative here. In *Crumbley*, the trial court orally rendered judgment sentencing the defendant to concurrent terms of imprisonment; however, as here, the written judgment entered at a later date by the trial court provided that the sentences would run consecutively. In *Crumbley*, we held that the trial court erred and rejected the State's argument there was no error because the defendant was present in open court at the time the sentence was originally rendered. The Court reasoned that "[the] substantive change in the sentence could only be made in the Defendant's presence, where [the defendant or] his attorney would have an opportunity to be heard." *Crumbley*, 135 N.C. App. at 67, 519 S.E.2d at 99. This Court concluded that, "[b]ecause there is no indication in this record that Defendant was present at the time the written judgment was entered, the sentence must be vacated and this matter remanded for the entry of a new sentencing judgment." *Id.* at 66, 519 S.E.2d at 99.

Here, as in *Crumbley*, the trial court rendered judgment in open court on 8 November 2006, sentencing Defendant to two concurrent terms of imprisonment, because the trial court placed "[Defendant's] sentence in effect just as it was given[.]" The sentences imposed in 05 CRS 78686 and 05 CRS 86681 were originally entered on 6 March 2006 to run concurrently with 05 CRS 66813 at the expiration of 05 CRS 66373. Thereafter, on 5 December 2006, the court entered written judgments upon Defendant's revocation of probation, sentencing Defendant to consecutive rather than concurrent terms of imprisonment. The sentences imposed in 05 CRS 78686 and 05 CRS 86681 were entered to run not as originally set, at the expiration of 05 CRS 66373 and both concurrently with 05 CRS 66813, but rather, to run consecutively, which resulted in the extension of Defendant's term of impris-

onment. There is no indication in this record that Defendant was present at the time the written judgments were entered.

In light of *Crumbley*, we vacate 05 CRS 78686 and 05 CRS 86681 and remand this matter for the entry of new sentencing judgments not inconsistent with this opinion. We again note that the trial court has the authority pursuant to G.S. § 15A-1344(d) and *Paige* to enter judgments upon a defendant's revocation of probation sentencing a defendant to a consecutive prison term "without regard to whether the sentence previously imposed ran concurrently or consecutively[.]" *Paige*, 90 N.C. App. at 143, 369 S.E.2d at 606.

Vacated and Remanded in part and No Error in part.

Judge JACKSON concurs in the result.

Judge TYSON concurs in part and dissents in part in a separate opinion.

TYSON, Judge concurring in part and dissenting in part.

The majority's opinion holds the trial court: (1) properly activated defendant's suspended sentences and changed the sentences to run consecutively, instead of concurrently as originally imposed, and (2) erred when it entered a substantially different written judgment outside of defendant's presence. I concur to vacate and remand on entering the substantially different judgment outside of defendant's presence. I disagree with the majority's holding to affirm the consecutive sentences. I vote to reverse and respectfully dissent.

## I. Probation Revocation

The majority opinion fails to include all relevant portions of N.C. Gen. Stat. § 15A-1344(d) in its analysis. The more relevant portion of N.C. Gen. Stat. § 15A-1344(d) (2005) states:

*If a convicted defendant violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court,* in accordance with the provisions of G.S. 15A-1345, may continue him on probation, with or without modifying the conditions, may place the defendant on special probation as provided in subsection (e), or, if continuation, modification, or special probation is not appropriate, *may revoke the probation and activate the suspended sentence imposed at the*

*time of initial sentencing,* if any, or may order that charges as to which prosecution has been deferred be brought to trial; provided that probation may not be revoked solely for conviction of a Class 3 misdemeanor.

(Emphasis supplied).

The majority incorrectly extends and misapplies this Court's reasoning in *State v. Paige.* 90 N.C. App. 142, 369 S.E.2d 606 (1988). In *Paige,* this Court held N.C. Gen. Stat. § 15A-1344(d) gave the trial court "authority to order defendant's sentence for felonious breaking and entering to be served consecutively to his sentence for possession of stolen goods." 90 N.C. App. at 143, 369 S.E.2d at 606. The facts of *Paige* are far different than and distinguishable from those at bar. *Id.* at 142, 369 S.E.2d at 606. In *Paige,* the defendant's sentences were entered in different proceedings more than two months apart and resulted in separate judgments that suspended the sentences and placed the defendant on probation for one and five year terms respectively. *Id.* at 142-43, 369 S.E.2d at 606.

Here, defendant's concurrent sentences were all entered on the same day as result of a plea agreement and defendant was sentenced to one probationary term of five years. The trial court activated defendant's suspended sentences ordered to to run concurrently by the judge who imposed the sentences. "[O]rdinarily one judge may not modify, overrule, or change the judgment of another Superior Court judge previously made in the same action." *State v. Woolridge,* 357 N.C. 544, 549, 592 S.E.2d 191, 194 (2003) (quoting *Calloway v. Ford Motor Co.,* 281 N.C. 496, 501, 189 S.E.2d 484, 488 (1972)).

The Rule of Lenity prevents courts from interpreting a criminal statute in a manner that would impose a penalty possibly greater than that intended by the General Assembly. *State v. Boykin,* 78 N.C. App. 572, 577, 337 S.E.2d 678, 681-82 (1985); *see also Albernaz v. United States,* 450 U.S. 333, 67 L. Ed. 2d 275 (1981) ("This policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." (Quotation omitted)).

Under the plain and unambiguous language of N.C. Gen. Stat. § 15A-1344(d) the trial court was only authorized to "revoke the probation and *activate the suspended sentence imposed at the time of initial sentencing . . . .*" (Emphasis supplied). The trial court erred

when it altered defendant's original sentence and sentenced defendant to eight consecutive terms of imprisonment rather than five as imposed in the suspended judgment.

I vote to reverse the trial court's judgment and remand to specify defendant's sentences run consecutively as imposed "at the time of [defendant's] initial sentencing . . . ." N.C. Gen. Stat. § 15A-1344(d). Under this analysis, it is unnecessary to reach defendant's second assignment of error. However, I concur with the majority's decision to vacate and remand for entering a substantially different judgment outside of defendant's presence.

### II. Conclusion

The majority's opinion fails to analyze controlling statutory provisions and incorrectly extends and misapplies N.C. Gen. Stat. § 15A-1344(d) and this Court's reasoning in *Paige*, 90 N.C. App. at 142, 369 S.E.2d at 606. I vote to reverse the trial court's judgment and remand for re-sentencing and activation of the original concurrent sentences exactly as imposed at the time of defendant's initial sentencing.

Under the express language of the statute and the facts of this case, the trial court was without authority to re-sentence defendant contrary to his plea agreement and the suspended sentences in the judgment originally imposed. *Id.* Our holding in *Paige* is inapplicable to the facts in this case. *Id.* I respectfully dissent.