STATE OF NORTH CAROLINA v. JAMES CHARLES WILLIS

No. COA08-1259

(Filed 18 August 2009)

**Probation and Parole— probation modification—substantial change—notice of hearing**

A probation modification was remanded where there was no evidence that defendant was notified of a hearing or that a hearing took place, and the modification was substantial.

Appeal by defendant from judgment entered 19 March 2008 by Judge Gary E. Trawick in Pender County Superior Court. Heard in the Court of Appeals 21 May 2009.

*Attorney General Roy Cooper, by Assistant Attorney General Vanessa N. Totten, for the State.*

*Mary McCullers Reece, for defendant-appellant.*

ELMORE, Judge.

On 19 March 2008, James Charles Willis (defendant) was convicted in Pender County Superior Court of larceny of a dog and sentenced to a term of four to five months' imprisonment. The trial court suspended the sentence and placed defendant on supervised probation for twenty-four months. In open court, the judge ordered as a special condition of probation that defendant "is not to have in his possession more than one dog at any time. Let him have a pet."

However, when the judge issued his written sentence later that day, the special condition had been modified to: "Defendant is not to have in his possession more than one animal." On 25 March 2009, without notifying defendant, the clerk initialed a second modification to the special condition, which then read: "Defendant is not to have his in his possession or on his premises more than one animal." Defendant appeals to this Court. For the reasons stated below, we vacate the order filed by the clerk and remand to the trial court for entry of defendant's special condition of probation.

Defendant argues that the trial court erred by amending defendant's sentence without notice and out of his presence after the conclusion of the court session. We agree.

N.C. Gen. Stat. § 15A-1344(d) states:

> At any time prior to the expiration or termination of the probation period or in accordance with subsection (f) of this section, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of probation. . . . The hearing may be held in the absence of the defendant, if he fails to appear for the hearing after a reasonable effort to notify him.

N.C. Gen. Stat. § 15A-1344(d) (2007). As such, the trial court in this case has the authority to modify defendant's conditions of probation, but the clear language of the statute requires that (1) defendant be notified that a hearing will take place, (2) a hearing actually take place at which defendant is present or has failed to appear after a reasonable effort to notify him, and (3) good cause be shown for the modification. *See State v. Coltrane*, 307 N.C. 511, 512, 299 S.E.2d 199, 200 (1983) ("Under this statute a defendant is entitled to receive notice that a hearing is to take place."); *State v. Hanner*, 188 N.C. App. 137, 141, 654 S.E.2d 820, 823 (2008) ("The defendant had a right

to be present at the time that sentence was imposed."); *State v. Coltrane*, 58 N.C. App. 210, 212, 292 S.E.2d 736, 737 (1982), *rev'd on other grounds*, 307 N.C. 511, 299 S.E.2d 199 (1983) ("[A] grant of probation is a privilege afforded by the court and not a right to which a felon is entitled. In view of this fact, the court is given considerable discretion in determining whether good cause exists for modifying the terms of probation.").

There is no evidence in the record that defendant or his attorney were notified that the trial court intended to hold a hearing on defendant's probation conditions, nor that a hearing actually took place.

The State argues that the modifications in defendant's probation conditions were simply clerical corrections that the trial court could correct without notifying defendant:

It is universally recognized that a court of record has the inherent power and duty to make its records speak the truth. It has the power to amend its records, correct the mistakes of its clerk or other officers of the court, or to supply defects or omissions in the record, and no lapse of time will debar the court of the power to discharge this duty.

*State v. Cannon*, 244 N.C. 399, 403, 94 S.E.2d 339, 342 (1956). "Clerical error has been defined recently as: An error resulting from a minor mistake or inadvertence, esp[ecially] in writing or copying something on the record, and not from judicial reasoning or determination." *State v. Jarman*, 140 N.C. App. 198, 202, 535 S.E.2d 875, 878 (2000) (quotations omitted).

The first modification, which changed the trial court's order from prohibiting defendant from possessing more than one dog to prohibiting him from possessing more than one animal, merely reflected the judge's comments in open court that defendant was allowed only "a pet." As such, the first modification is properly classified as a clerical change that brought the written statement in line with the judge's statements in open court.

However, the second modification, which changed defendant's sentence from allowing only one animal in his possession to allowing only one animal on his premises, is not properly classified as a clerical correction. First, such a condition was never discussed in open court, and there is no evidence in the record that the court was

merely making its records "speak the truth." Second, given that a neighbor testified that defendant and his wife were keeping approximately seventeen animals on their property, the second modification in the trial court's order substantively impacted defendant's life in a way that was very different than the court's first modification. The first modification would have allowed defendant's roommate, friend, or spouse to keep animals, including strays, on defendant's property; however, under the second modification, any such behavior would violate defendant's probation conditions. Third, where "there has been uncertainty in whether an error was 'clerical,' the appellate courts have opted to err on the side of caution and resolve [the discrepancy] in the defendant's favor." *Jarman* at 203, 535 S.E.2d at 879 (quotations omitted) (modification in original).

> [I]n the exercise of power to amend the record of a court, the court is only authorized to make the record correspond to the actual facts and cannot, under the guise of an amendment of its records, correct a judicial error or incorporate anything in the minutes except a recital of what actually occurred.

*Cannon*, 244 N.C. at 404, 94 S.E.2d at 342. As such, the second modification in defendant's probation conditions was a substantive change in defendant's probation condition, and such a change "could only be made in the Defendant's presence, where [the defendant or] his attorney would have an opportunity to be heard." *Hanner* at 141, 654 S.E.2d at 823 (modification in original); *State v. Crumbley*, 135 N.C. App. 59, 66, 519 S.E.2d 94, 99 (1999) ("Because there is no indication in this record that Defendant was present at the time the written judgment was entered, the sentence must be vacated and this matter remanded for the entry of a new sentencing judgment."). Since defendant was not given notice of a hearing and a hearing never actually took place, the second modification made to defendant's probation condition is invalid. *Crumbley* at 67, 519 S.E.2d at 99; *Hanner* at 142, 654 S.E.2d at 823.

The State correctly points out that a "defendant released on supervised probation must be given a written statement explicitly setting forth the conditions on which he is being released. If any modification of the terms of that probation is subsequently made, he must be given a written statement setting forth the modifications." N.C. Gen. Stat. § 15A-1343(c) (2007). The State argues that the language of N.C. Gen. Stat. § 15A-1343(c) does not require defendant to be pres-

ent when his probation is modified. However, this section does not stand alone; rather, it adds another *sine qua non* for modifying a defendant's probation conditions. N.C. Gen. Stat. § 15A-1344(d), discussed *supra*, requires, *inter alia*, that defendant be given notice of a hearing, and N.C. Gen. Stat. § 15A-1343(c) requires that, if defendant's probation is subsequently modified as a result of the hearing, defendant must then be provided a written statement of the modifications. This additional requirement of providing defendant with a written copy of modifications ensures that defendants do not unknowingly violate the modified terms of their probation, an especially pertinent requirement given that the probation's terms may be modified outside of a defendant's presence so long as reasonable effort was made to notify him of the hearing. N.C. Gen. Stat. § 15A-1344(d) (2007); *State v. Henderson*, 179 N.C. App. 191, 197, 632 S.E.2d 818, 822 (2006) ("If the record does not explicitly demonstrate that a defendant received written notification of the terms and conditions of probation, the condition prescribed by the trial court is invalid.").

However, the State's emphasis on the requirement that defendant be given written notice of any probation modification is misplaced because defendant does not argue that he never received a written copy of the modifications after the trial court made them. Rather, defendant argues, as discussed *supra*, that he never received notification that a probation hearing was going to be held in the first place, which is a prerequisite for any substantive modification to be made to defendant's probation condition. N.C. Gen. Stat. § 15A-1344(d) (2007).

For the reasons stated above, we hold that the trial court could not substantively modify defendant's probation condition without notifying defendant that a hearing was going to take place. Absent this notification, the substantive modification made by the trial judge is invalid, and we must vacate that portion of the trial court's order and remand the matter to the trial court for entry of defendant's special condition of probation.

Vacated in part and remanded.

Judges BRYANT and CALABRIA concur.