An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-946

NORTH CAROLINA COURT OF APPEALS

Filed: 17 February 2015

STATE OF NORTH CAROLINA

v.

DANIELLE M. WATKINS-PRICE

Pender County
Nos. 12 CRS 51464
13 CRS 1531-32

Review of judgments entered 28 April 2014 by Judge Phyllis Gorham in Pender County Superior Court upon grant of Defendant's petition for writ of certiorari. Heard in the Court of Appeals 12 January 2015.

> *Attorney General Roy A. Cooper, III, by Assistant Attorney General Cathy Hinton Pope, for the State.*
>
> *Winifred H. Dillon for Defendant-appellant.*

DILLON, Judge.

Danielle M. Watkins-Price ("Defendant") appeals from three judgments revoking her probation and sentencing her to consecutive sentences of 8 to 19 and 6 to 17 months imprisonment and an additional concurrent sentence of 6 to 17 months imprisonment for convictions of possession of stolen goods, two counts of forgery,

and two counts of uttering. Because the trial court did not abuse its discretion in sentencing Defendant to consecutive terms of imprisonment, we affirm.

We note that Defendant's written notice of appeal did not satisfy Rule 4 of the North Carolina Rules of Appellate Procedure sufficient to confer jurisdiction upon this Court. She has filed a petition for writ of certiorari, to which the State does not oppose. Accordingly, in the interest of justice and in our discretion, we allow Defendant's petition for writ of certiorari and address the merits of her argument on appeal.

Defendant's sole argument on appeal is that the trial court abused its discretion when it imposed two consecutive sentences. We disagree.

It is well established that a trial court may, within its discretion, "impose a consecutive sentence when a suspended sentence is activated upon revocation of a probationary judgment without regard to whether the sentence previously imposed ran concurrently or consecutively." *State v. Hanner*, 188 N.C. App. 137, 140, 654 S.E.2d 820, 822 (2008) (quoting *State v. Paige*, 90 N.C. App. 142, 143, 369 S.E.2d 606, 606 (1988)); *see also* N.C. Gen. Stat. § 15A-1344(d) (2013). An abuse of discretion generally occurs only "where the court's ruling is manifestly unsupported by

reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005) (citation and quotation marks omitted), *cert. denied*, 547 U.S. 1073, 164 L.Ed. 2d 523 (2006). However, an abuse of discretion also occurs where the trial court erroneously believed that it lacked the discretion to impose concurrent sentences. *See State v. Nunez*, 204 N.C. App. 164, 169-70, 693 S.E.2d 223, 227 (2010); *see also State v. Crain*, 73 N.C. App. 269, 271, 326 S.E.2d 120, 122 (1985).

Here, Defendant argues that the trial court's inquiry into her original sentences shows that the court erroneously believed that it lacked discretion to run her sentences concurrently after the revocation of her probation. However, we read the trial court's questioning as no more than a simple inquiry into the number of sentences Defendant faced and how the sentences were originally structured. It is clear from the trial court's overall questions to the State and Defendant's trial counsel that the court intentionally, and within its full discretion, set two of Defendant's sentences to run consecutively in an attempt to give Defendant an opportunity to participate in extended substance abuse treatment programs available to her while in prison.

Accordingly, we find no abuse of discretion in the trial court's sentencing of Defendant, and affirm the court's judgments.

AFFIRMED.

Judges ELMORE and STEELMAN concur.

Report per Rule 30(e).