STATE OF NORTH CAROLINA v. MARY COX COLTRANE

No. 459PA82

(Filed 28 January 1983)

1. **Criminal Law § 143.1— notice of probation revocation hearing—right to modify conditions of probation**

    Where defendant was given notice of a probation revocation hearing and was present at the hearing with counsel, G.S. 15A-1344(d) permitted the court at the hearing to modify the conditions of defendant's probation without notice to defendant of the court's intent to modify the conditions.

2. **Criminal Law § 143.1— notice of probation revocation hearing—statement by court in prior hearing**

    Defendant received sufficient notice of a 28 September 1981 hearing to revoke her probation for failure to be gainfully employed where the trial judge stated in open court at defendant's 10 September 1981 probation revocation hearing that the case would automatically be returned to the court at the next session without further orders of the court if defendant had not found full-time gainful employment within two weeks. G.S. 15A-1345(e).

3. **Criminal Law § 143.4— right to counsel at probation revocation hearing**

    The trial court erred in revoking defendant's probation where defendant's counsel was not present at her probation revocation hearing and defendant did not waive her right to have counsel present during the hearing. G.S. 15A-1345(e).

4. **Criminal Law § 143.5— probation revocation hearing—right to present relevant information**

    Defendant's rights under G.S. 15A-1345(e) were violated where defendant was not effectively allowed to speak on her own behalf at her probation revocation hearing and was not permitted to present information relevant to the charge that she had violated a condition of probation.

ON discretionary review of the decision of the Court of Appeals, 58 N.C. App. 210, 292 S.E. 2d 736 (1982), affirming an order entered by *Hairston, J.,* at the 28 September 1981 Criminal Session of Superior Court, RANDOLPH County.

Defendant pled guilty to felonious breaking or entering and larceny at the 8 October 1980 Session of Superior Court of Brunswick County. She was sentenced to imprisonment for five years, suspended on condition that she successfully complete five years' probation under terms specified by the court. Defendant appeals the decision of the Court of Appeals affirming revocation of probation and entry of an order placing her sentence of imprisonment into effect.

*Rufus L. Edmisten, Attorney General, by John C. Daniel, Jr., Assistant Attorney General, for the State.*

*Stephen E. Lawing for defendant.*

MARTIN, Justice.

[1] Defendant first assigns as error entry of an order modifying conditions of her probation. The original conditions of probation were that "[t]he defendant shall work faithfully at suitable employment or faithfully pursue a course of study or vocational training." A violation report and bill of particulars alleging violation of these conditions were served on the defendant on 21 May 1981. She appeared in superior court on 10 September 1981 for a probation revocation hearing. Defendant and her counsel were present during this hearing. Both defendant and the state presented evidence, and on 11 September 1981 the court entered an order modifying the conditions of defendant's probation such that "(b) of the Probation Judgment [be] stricken to gain full-time employment and she not pursue a course of study or vocational training full time while on probation . . . ." The apparent intent of this modification was to strike the original alternative condition that defendant pursue a course of study or vocational training.

Defendant claims that the entry of this order was in error because she was not given notice of the court's intent to modify the conditions of probation. N.C.G.S. 15A-1344(d) provides that "[a]t any time prior to the expiration or termination of the probation period, the court may after notice and hearing and for good cause shown extend the period of probation up to the maximum allowed under G.S. 15A-1342(a) and may modify the conditions of probation." Under this statute a defendant is entitled to receive notice that a hearing is to take place; the statute does not require that a defendant be given notice of the court's intent to modify the terms of probation. Defendant received the notice required under the statute and was present with counsel at the 10 September 1981 hearing. Defendant's assignment of error is without merit.

[2] Defendant next assigns as error failure of the state to provide her with notice of a probation revocation hearing held 28 September 1981. N.C.G.S. 15A-1345(e) provides, in part:

(e) Revocation Hearing.—Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing.

The record shows that at the 10 September 1981 hearing, at which defendant was present and during which the conditions of defendant's probation were modified, Judge Hairston stated in open court that "[defendant] will have two weeks in which to find full time employment—full time gainful employment. And if she does not, the case will be automatically returned to this Court next session, without further orders of this Court." This statement was sufficient to notify defendant that if she failed to comply with the court's condition of probation, she would be required to appear for a hearing during the 28 September 1981 session of superior court. In fact, defendant did appear on 28 September 1981 for the probation revocation hearing held that day. We find that the notice given defendant was sufficient to comply with N.C.G.S. 15A-1345(e) and that no error was committed.

[3] Defendant's next contention is that the trial court erred in entering an order on 28 September 1981 revoking her probation. She claims that revocation was improper because at the 28 September 1981 hearing she was not represented by counsel, evidence against her was not presented, nor was she allowed to present evidence or confront adverse witnesses. N.C.G.S. 15A-1345(e) states in relevant part that at a probation revocation hearing

evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information, and may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation. The probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed. Formal rules of evidence do not apply at the hearing, but the record or recollection of

evidence or testimony introduced at the preliminary hearing on probation violation are inadmissible as evidence at the revocation hearing.

For reasons stated below, we agree that entry of the order revoking probation was improper and reverse the decision of the Court of Appeals.

Under N.C.G.S. 15A-1345(e) the defendant was entitled to have counsel present at the probation revocation hearing. This statute, enacted by the North Carolina legislature in 1977, was intended to go beyond the federal constitutional right to counsel enunciated by the United States Supreme Court in *Gagnon v. Scarpelli,* 411 U.S. 778, 36 L.Ed. 2d 656 (1973). *See* N.C. Gen. Stat. § 15A-1345(e) official commentary (1978). In *Gagnon* the Court ruled that whether an indigent defendant has a federal constitutional right to have counsel present at a probation revocation proceeding must be determined on a case-by-case basis.[1] The *Gagnon* opinion effectively overruled *Hewett v. State of North Carolina,* 415 F. 2d 1316 (4th Cir. 1969), which held that the federal constitution required that counsel be available to any defendant during a probation revocation hearing held in North Carolina. Under N.C.G.S. 15A-1345(e), all defendants are once again entitled to counsel at probation revocation hearings.

The record before us shows that defendant's counsel was not present at the 28 September 1981 probation revocation hearing. There is no indication that defendant waived her statutory right to have counsel present. Indeed, the record shows that defendant was told by her probation officer to appear in superior court on

---

1. The *Gagnon* court stated the following guidelines:

Presumptively, it may be said that counsel should be provided in cases where, after being informed of his right to request counsel, the probationer or parolee makes such a request, based on a timely and colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present. In passing on a request for the appointment of counsel, the responsible agency also should consider, especially in doubtful cases, whether the probationer appears to be capable of speaking effectively for himself.

411 U.S. at 790-91, 36 L.Ed. 2d at 666.

Monday, 28 September 1981; however, both defendant and her attorney believed that the probation revocation hearing would not be held until later in the week. As defendant stated at the 28th hearing, "[m]y attorney talked to [the probation officer] Thursday and she told me that it [probation revocation] would be tried at the end of this week." Because defendant's counsel was absent and defendant had not waived her right to have counsel present during the hearing, entry of the order revoking defendant's probation was error.

[4]   We note further that other provisions of N.C.G.S. 15A-1345(e) were not complied with during the probation revocation hearing. The following constitutes the entire record of the hearing:

> [PROSECUTING ATTORNEY]: Mary Coltrane. She appeared before Your Honor last term of court on a probation violation. Ms. Delilah Perkins was her probation officer. At that time I believe Your Honor advised her to come back to court today, this term of court, with a job. And Ms. Perkins spoke with me this morning, and according to Ms. Perkins this defendant has not procured employment yet, if Your Honor please.

> THE COURT: All right.

> MARY COLTRANE: My attorney talked to Ms. Perkins Thursday and she told me that it would be tried at the end of this week.

> THE COURT: M'am? Yes, I know. He talked to me too. I told him it would be today.

> MARY COLTRANE: I'm expecting a call about a job at—

> THE COURT: Do you have a job now?

> MARY COLTRANE: No, sir.

> THE COURT: Let the sentence be put into effect. She's in custody.

Under N.C.G.S. 15A-1345(e), a defendant is entitled to "present relevant information, and may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation." Defendant was allowed to confront neither the prosecuting attorney who claimed that the probation officer had

told him that defendant had not procured employment nor the probation officer herself. No findings were made that there was good cause for not allowing confrontation. By its brevity the colloquy shows that defendant was not effectively allowed to speak on her own behalf nor to present information relevant to the charge that she had violated a condition of probation. The court interrupted defendant and did not permit her to offer any explanation of her failure to obtain employment in the previous two weeks or to explain the expected telephone call concerning a job prospect. In addition to violating defendant's rights under N.C.G.S. 15A-1345(e), this belies the court's conclusion that "the defendant has wilfully and without lawful excuse violated the conditions of the probation judgment." The evidence in a probation revocation hearing must satisfy the court that defendant has willfully or without lawful excuse violated a condition of probation. *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476 (1967). There is no competent evidence in the record to support the conclusion that defendant violated the condition of probation willfully or without lawful excuse. The entry of the order revoking defendant's probation was· error.

The decision of the Court of Appeals is

Reversed.