IN THE SUPREME COURT OF NORTH CAROLINA

2022-NCSC-103

No. 85PA20

Filed 19 August 2022

STATE OF NORTH CAROLINA

v.

TONY DESHON JONES

On discretionary review pursuant to N.C.G.S. § 7A-31 from a unanimous decision of the Court of Appeals, 269 N.C. App. 440, 838 S.E.2d 686 (2020), affirming judgments entered on 23 October 2017 by Judge James K. Roberson in Superior Court, Durham County. Heard in the Supreme Court on 10 May 2022.

*Joshua H. Stein, Attorney General, by Christine Wright, Assistant Attorney General, for the State.*

*Glenn Gerding, Appellate Defender, by Nicholas C. Woomer-Deters, Assistant Appellate Defender, for defendant-appellant.*

BERGER, Justice.

Defendant's probation was revoked following a determination that he had committed new criminal offenses. On appeal to the Court of Appeals, defendant argued that the trial court deprived him of his right to confront witnesses against him at the probation revocation hearing. The Court of Appeals disagreed and upheld the revocation of defendant's probation. For the reasons stated below, we modify and affirm the decision of the Court of Appeals.

## I. Factual Background

Defendant was placed on probation after pleading guilty to discharging a weapon into occupied property and possession of a firearm by a convicted felon in August 2015. Defendant was subsequently alleged to have violated terms of probation in reports filed on December 21, 2016,[1] June 7, 2017, August 10, 2017, and August 18, 2017. Relevant here are the 2017 violation reports which alleged that defendant absconded supervision, committed new criminal offenses, and failed to pay restitution and other costs and fees. The allegation that defendant violated probation by committing new criminal offenses stemmed from an April 1, 2016 incident in which defendant was charged with possession of a firearm by a felon and carrying a concealed weapon.

When these charges come on for trial, defendant filed a motion to suppress evidence obtained as a result of a traffic stop in which a pistol was recovered during a search of the vehicle operated by defendant. During the suppression hearing, the State called Sergeant Casey Norwood, the officer who initiated the traffic stop that led to discovery of the firearm in defendant's vehicle. In its order denying the motion to suppress, the trial court found that Sergeant Norwood first observed defendant in an area known for criminal activity. Sergeant Norwood followed defendant in his

---

[1] The trial court determined that defendant had absconded supervision based on this violation report. As a result, defendant's judgment was modified and he was continued on probation.

patrol unit when defendant left the area. After pacing defendant's vehicle at 50 miles per hour in a 35 miles per hour zone, Sergeant Norwood activated his lights and siren to initiate a traffic stop. Defendant "did not stop right away," and Sergeant Norwood observed defendant "slouch . . . toward the center console" as the vehicle slowed down. The trial court found that defendant's behavior "indicated [to Sergeant Norwood that] the driver might try to conceal something."

After stopping the vehicle, Sergeant Norwood found that defendant was the only occupant. Defendant became "defensive and belligerent" when Sergeant Norwood informed him that the traffic stop was initiated because he was exceeding the speed limit. After defendant was asked to step out of the vehicle, a Smith and Wesson pistol was discovered between the driver's seat and the center console, with "2 to 3 inches of grip showing." Sergeant Norwood testified that he "reached into the vehicle to remove the weapon [and] secured [it]."

The trial court concluded that defendant's constitutional rights had not been violated by the search or seizure and denied defendant's motion to suppress in an order dated July 12, 2017. At trial, the jury was unable to reach a unanimous verdict and a mistrial was declared on July 14, 2017.

On September 14, 2017, the trial court held a probation revocation hearing regarding the violation reports, including the allegation that defendant had committed new criminal offenses. At the outset, the State moved to admit the July

12, 2017 order denying defendant's motion to suppress and a transcript of the suppression hearing which included Sergeant Norwood's testimony. The State indicated that Sergeant Norwood was present and that the State was "prepared to present [Sergeant Norwood] again." Defendant did not call on Sergeant Norwood to testify or otherwise request that Sergeant Norwood remain available for the probation revocation hearing.

¶ 7         In objecting to admission of the order[2], defense counsel argued,

> there is no evidence of guilt or innocence or any evidence or any admission from [defendant] in this order. So, therefore, there is no relevance to this probation hearing.
>         There is one way for them to get that violation in if he is found guilty or if he pleads guilty. I don't think we can do it by using a court order based on a suppression hearing. The court at that point in time did not have authority to render [defendant] guilty or to find guilt with regards to that charge.
>         I think it's important to note that [the] violation is based off of a conviction. There is no evidence of a conviction.

¶ 8         Defense counsel contended that the order was "highly prejudicial and [ ] irrelevant" to the probation revocation issue and should be excluded. The trial court admitted the transcript and the factual findings from the order denying defendant's

---

[2] In the transcript of the probation revocation hearing, there is no discussion between the trial court and defense counsel regarding an objection to admission of the transcript. It appears, however, that the trial court treated the objection to the order as an objection to the transcript, admitting both "over defendant's objection."

motion to suppress.

¶ 9        After resuming the revocation hearing on October 23, 2017, the trial court heard additional evidence from the State in the form of testimony from the probation officer related to the absconding and monetary violations. Defendant testified at the probation violation hearing that he did not know there was a firearm in the vehicle and introduced an affidavit from Lamar Alexander Thomas stating that the firearm did not belong to defendant.

¶ 10       The trial court determined that defendant had committed the criminal offenses of possession of a firearm by a felon and carrying a concealed weapon while on probation,[3] and defendant's probation was revoked. In reaching its decision, the trial court stated on the record that it had "reviewed the evidence presented, the transcript, the previous orders, affidavits - - affidavit, live testimony."

¶ 11       Defendant appealed to the Court of Appeals, arguing that admission of the transcript at the probation revocation hearing resulted in a denial of his right to confront Sergeant Norwood without a finding of good cause pursuant to N.C.G.S. § 15A-1345(e). The Court of Appeals affirmed the trial court's revocation of defendant's probation but remanded the case to the trial court for correction of a clerical error. *State v. Jones*, 269 N.C. App. 440, 445, 838 S.E.2d 686, 690 (2020). The Court of Appeals held that the trial court's admission of the transcript was not error and

---

[3] The court did not find an absconding violation.

concluded that a finding of good cause by the trial court was unnecessary because defendant did not seek to confront or cross-examine Sergeant Norwood and had failed to advance an argument related to confrontation in the trial court. *Id.* at 445, 838 S.E.2d at 690. Defendant appeals.

## II. Analysis

¶ 12 The Sixth Amendment guarantees that "[i]n all criminal prosecutions the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. CONST. amend. VI. This protection "bars admission of testimonial evidence unless the declarant is unavailable to testify and the accused has had a prior opportunity to cross-examine the declarant." *State v. Locklear*, 363 N.C. 438, 452, 681 S.E.2d 293, 304 (2009) (citations omitted).

¶ 13 It is well settled, however, that a probation revocation proceeding is not a criminal trial. *State v. Duncan*, 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). Because "[a] probation revocation proceeding is not a formal criminal prosecution," a defendant is afforded "more limited due process right[s]." *State v. Murchison*, 367 N.C. 461, 464, 758 S.E.2d 356, 358 (2014) (cleaned up). Specifically, "[t]he Sixth Amendment, which guarantees [certain protections] to the accused 'in all *criminal prosecutions*,'", does not apply to hearings on probation violations. *State v. Braswell*, 283 N.C. 332, 337, 196 S.E.2d 185, 188 (1973) (emphasis added). Thus, these proceedings "are often regarded as informal or summary." *State v. Hewett*, 270 N.C.

348, 353, 154 S.E.2d 476, 479 (1967).

The limited rights a defendant enjoys in a probation revocation hearing are rooted in the Due Process Clause of the Fourteenth Amendment, *Gagnon v. Scarpelli,* 411 U.S. 778, 781–82, 93 S.Ct. 1756, 1759–60 (1973) (citation omitted), *superseded by statute*, Parole Commission and Reorganization Act, Pub. L. No. 94-233, 90 Stat. 119, 228 (1976), and codified in N.C.G.S. § 15A-1345(e). To satisfy due process in this context, an individual alleged to have violated probation

> is entitled to written notice of the claimed violations of his probation; disclosure of the evidence against him; an opportunity to be heard in person and to present witnesses and documentary evidence; a neutral hearing body; and a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.

*Black v. Romano*, 471 U.S. 606, 612, 105 S.Ct. 2254, 2258 (1985) (citing *Gagnon*, 411 U.S. at 786, 93 S.Ct. at 1761).

Further, N.C.G.S. § 15A-1345(e) provides that:

> Before revoking or extending probation, the court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing. At the hearing, evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information, and may confront and cross-examine adverse witnesses unless the court finds good cause for not

allowing confrontation. The probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed in accordance with rules adopted by the Office of Indigent Defense Services. Formal rules of evidence do not apply at the hearing, but the record or recollection of evidence or testimony introduced at the preliminary hearing on probation violation are inadmissible as evidence at the revocation hearing.

N.C.G.S. § 15A-1345(e) (2021). The purpose of N.C.G.S § 15A-1345(e) "is to allow the defendant to prepare a defense and to protect the defendant from a second probation violation hearing for the same act." *State v. Moore,* 370 N.C. 338, 342, 807 S.E.2d 550, 553 (2017) (cleaned up).

¶ 16 Traditional rules of evidence do not apply in probation violation hearings, and the trial court is permitted to use "substitutes for live testimony, including affidavits, depositions, [and] documentary evidence," as well as hearsay evidence. *Gagnon*, 411 U.S. at 783 n. 5, 93 S.Ct. at 1760 n. 5; *see also Murchison*, 367 N.C. at 464, 758 S.E.2d at 358. In addition, trial courts are granted "great discretion" in admitting "any evidence relevant to the revocation of defendant's probation." *Murchison*, 367 N.C. at 465, 758 S.E.2d at 359 (cleaned up). Ultimately, all that is required in a probation revocation hearing is that the evidence reasonably satisfy the trial court that a probationer "has willfully or without lawful excuse violated a condition of probation." *State v. Coltrane*, 307 N.C. 511, 516, 299 S.E.2d 199, 202 (1983) (citing *Hewett*, 270 N.C. 348, 154 S.E.2d 476); *see also Duncan*, 270 N.C. at 245, 154 S.E.2d at 57.

¶ 17 Defendant here argues that he was deprived of both his constitutional right

and statutory right to confront and cross-examine Sergeant Norwood at his probation violation hearing. However, because defendant failed to preserve his arguments, we modify and affirm the decision of the Court of Appeals.

¶ 18        "It is well settled that an error, even one of constitutional magnitude, that defendant does not bring to the trial court's attention is waived and will not be considered on appeal. As a result, even constitutional challenges are subject to the same strictures of Rule 10(a)(1)." *State v. Bursell*, 372 N.C. 196, 199, 827 S.E.2d 302, 305 (2019) (cleaned up).

¶ 19        Defendant contends that his objection to admission of the suppression denial order preserved his constitutional argument because the specific grounds for his objection were readily apparent from the context under Rule 10(a)(1). However, defense counsel's objection to admission of the order related to an apparent misapprehension of law that a conviction was required for a revocation violation based on commission of a new criminal offense. Defense counsel argued:

> [DEFENSE COUNSEL]: I am going to object to [admission of the order], Your Honor[.] . . .
>
> I believe there are three ways to get a conviction in Superior Court, plead guilty, be found guilty before a jury, or he can be found guilty before a judge at a bench trial.
>
> As [the prosecutor] pointed out to you . . . we had a trial before Your Honor, before a duly impaneled jury, who at that time were the only finders of fact as to the guilt or innocence or not guilt of [defendant]. A mistrial was declared after a hung jury.

> What [the State] has before the court today is
> an order based off a motion to suppress evidence of
> a firearm based on what we thought to be a bad stop,
> and I believe we did appeal that order from this
> court. And we certainly respect the court's order . . .
> , but there is no evidence of guilt or innocence or any
> evidence or any admissions from [defendant] in this
> order. So, therefore, there is no relevance to this
> probation hearing.
>
> There is one way for them to get that violation
> in, if he is found guilty or if he pleads guilty. I don't
> think we can do it by using a court order based on a
> suppression hearing.

¶ 20 Further, defendant never objected to admission of the transcript from the suppression hearing at the revocation hearing. Nonetheless, the trial court stated that it admitted State's Exhibit 2 "over the objection of the defendant." At most, defendant's objection was a general objection to relevance. However, defense counsel argued that testimony from law enforcement at the probation revocation hearing was irrelevant in the absence of a prior conviction for the alleged two new offenses. Defense counsel stated,

> I am not quite sure what any of these officers can testify to
> as far as this criminal activity is concerned which would be
> more competent at this hearing than a final judgment from
> the previous hearing which came back as a hung jury, Your
> Honor. I am not quite sure how that's appropriate . . . ."

¶ 21 Thus, defendant was aware that the officers involved in charging him with the new criminal offenses were available to testify at the probation hearing. Despite this knowledge, defendant never attempted to call Sergeant Norwood to the stand,

subpoena him, or ask that he be placed on standby. In fact, defendant argued Sergeant Norwood's testimony was irrelevant.

¶ 22     We cannot conclude that defendant's objections were assertions of confrontation rights, as it is not readily apparent from this record that any such argument was intimated by defense counsel in the trial court. Rather, defendant's arguments to the trial court were related solely to proof of new criminal offenses in the absence of a criminal conviction.

¶ 23     While defense counsel certainly objected to use of the State's exhibits, defendant never raised or referenced confrontation as the grounds for his objection. Defendant's objection was based on the State's attempt to prove that defendant committed new criminal offenses even though defendant had not been convicted of the charges. While defendant enjoyed a limited confrontation right during the probation hearing, he failed to signal to the trial court that an inability to confront Sergeant Norwood was the disputed issue. Defendant's objection was not sufficient to put the trial court on notice that he was making an objection related to confrontation. N.C. R. App. P. 10(a)(1). Because defendant did not include a specific objection related to confronting Sergeant Norwood, his constitutional argument concerning confrontation was not preserved.

¶ 24     Similarly, defendant failed to preserve his statutory argument concerning confrontation.

¶ 25      Generally, "[w]hen a trial court acts contrary to a statutory mandate, the defendant's right to appeal is preserved despite the defendant's failure to object during trial." *State v. Lawrence*, 352 N.C. 1, 13, 530 S.E.2d 807, 815 (2000). This Court has stated that

> [a] statute contains a statutory mandate when it is clearly mandatory, and its mandate is directed to the trial court. A statutory mandate is directed to the trial court when it, either (1) requires a specific act by a trial judge; or (2) leaves no doubt that the legislature intended to place the responsibility on the judge presiding at the trial or at specific courtroom proceedings that the trial judge has authority to direct.

*State v. Chandler*, 376 N.C. 361, 366, 851 S.E.2d 874, 878 (2020) (cleaned up).

¶ 26      Subsection 15A-1345(e) cannot be said to contain a statutory mandate because that section does not clearly mandate an action by the trial court. In a probation revocation hearing, a defendant "*may* confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation." N.C.G.S. § 15A-1345(e) (emphasis added). While this language could be interpreted as mandatory, the specific act required of the trial court, namely, a finding of good cause, is conditioned upon some attempt by the defendant to confront or cross-examine a witness. Thus, the plain language of N.C.G.S. § 15A-1345(e) contains a conditional statutory mandate which means normal rules of preservation apply unless the trial court fails to make a finding of good cause when the court does not permit confrontation despite a defendant's request to do so.

¶ 27        Defendant argues, however, that this Court in *State v. Coltrane* determined that where a probationer is not permitted to confront or cross-examine adverse witnesses during a probation violation hearing, confrontation arguments are automatically preserved for appellate review. Defendant misapprehends our precedent.

¶ 28        In *Coltrane*, the defendant appeared without her counsel in superior court to answer allegations that she had violated a condition of her probation that she obtain gainful employment or pursue educational or vocational training. 307 N.C. at 512–13, 299 S.E.2d at 200–01 (1983). The State did not put on evidence, but instead the trial court simply asked the defendant if she had obtained employment. *Id.* at 515, 299 S.E.2d at 202. When she replied that she did not have a job, the trial court revoked her probationary sentence. *Id.* at 515, 299 S.E.2d at 202.

¶ 29        This Court set forth the transcript of the entire probation hearing as follows:

> [PROSECUTING ATTORNEY]: Mary Coltrane. She appeared before Your Honor last term of court on a probation violation. Ms. Delilah Perkins was her probation officer. At that time I believe Your Honor advised her to come back to court today, this term of court, with a job. And Ms. Perkins spoke with me this morning, and according to Ms. Perkins this defendant has not procured employment yet, if Your Honor please.
>
> THE COURT: All right.
>
> MARY COLTRANE: My attorney talked to Ms. Perkins Thursday and she told me that it would be tried at the end of this week.

> THE COURT: M'am [sic]? Yes, I know. He talked to me too. I told him it would be today.
>
> MARY COLTRANE: I'm expecting a call about a job at –
>
> THE COURT: Do you have a job now?
>
> MARY COLTRANE: No, sir.
>
> THE COURT: Let the sentence be put into effect. She's in custody.

*Id.* at 515, 299 S.E.2d at 202.

¶ 30          In addition to determining that the trial court erred by proceeding with the probation violation hearing without the presence of defense counsel, this Court expressed concern over the "brevity [of] the colloquy" with the defendant, stating that the

> defendant was not effectively allowed to speak on her own behalf nor to present information relevant to the charge that she had violated a condition of probation. The court interrupted defendant and did not permit her to offer any explanation of her failure to obtain employment in the previous two weeks or to explain the expected telephone call concerning a job prospect.

*Id.* at 516, 299 S.E.2d at 202.

¶ 31          This Court concluded that because "[t]he court interrupted [the] defendant" without allowing her "to present information relevant to the charge," the defendant in *Coltrane* was refused the opportunity to confront or cross examine any witnesses. *Id.* at 516, 299 S.E.2d at 202. In so doing, the actions of the trial court triggered the

need for a finding of good cause, and the failure to make such findings preserved the issue for appellate review. In contrast here, however, the record contains no indication that defendant requested that Sergeant Norwood testify or that the trial court in any way prevented him from doing so. *Accord Duncan*, 270 N.C. at 246, 154 S.E.2d at 58. Thus, "nothing . . . support[s] the contention that defendant was not given an opportunity to be heard." Defendant's confrontation argument under N.C.G.S. § 15A-1345(e) is not preserved. *Id.* at 246, 154 S.E.2d 53, 58.

## III. Conclusion

Pursuant to N.C.G.S. § 15A-1345(e), a defendant in a probation revocation hearing "may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation." N.C.G.S. § 15A-1345(e) (2021). A defendant's arguments under that provision are preserved when a defendant lodges a proper objection or the trial court does not permit confrontation and fails to make a finding of good cause. Absent confrontation-related requests or objections by defendant, the condition requiring a finding of good cause has not been satisfied. Thus, the trial court did not err, and we modify and affirm the Court of Appeals' determination that defendant's probation revocation was not in error.

MODIFIED AND AFFIRMED.

Justice EARLS, dissenting.

The majority determined that the issue of whether the trial court violated Mr. Jones's right to confront witnesses against him at his probation revocation hearing when the court admitted a transcript that contained the former testimony of an adverse witness was waived and therefore not subject to appellate review. In the majority's view, Mr. Jones did not properly preserve the issue because the grounds for defense counsel's general objection were not readily apparent from the context nor was the issue automatically preserved as a violation of a statutory mandate. However, the reason for defendant's objection was readily apparent from the context as shown in the record. The majority's decision also misapplies our precedent that statutory violations are automatically preserved as issues for appellate review when a clear statutory mandate is directed to the trial court by reading the mandate out of the statute at issue here. Therefore, I dissent.

**A. The trial court proceedings**

In April 2016, defendant Tony Deshon Jones, was driving his mother's car when Sergeant (Sgt.) Casey Norwood pulled Mr. Jones over for allegedly speeding.[1] During the stop, Sgt. Norwood observed the butt of a black handgun stuck between the cushion and the center console portion of the seat inside the car. Sgt. Norwood

---

[1] In addition to Sgt. Norwood, Sgt. Smith and Detective Valdivieso of the Durham County Sherriff's Office were involved in the traffic stop on 1 April 2016; however, Sgt. Norwood was the only officer who testified at the suppression hearing.

seized the gun. Mr. Jones was arrested and charged with being a felon in possession of a firearm and carrying a concealed weapon. Trial proceedings on those charges commenced in July 2017 before Judge James K. Roberson. Mr. Jones moved to suppress the gun that had been seized by Sgt. Norwood. At the suppression hearing, Sgt. Norwood testified about the events of April 2016 on behalf of the State. After the hearing, Judge Roberson denied Mr. Jones's motion to suppress the gun evidence and the case proceeded to trial. At trial, Mr. Jones testified that the gun belonged to his sister's boyfriend, Lamar Alexander. Neither Mr. Alexander nor Sgt. Norwood testified at trial. On 14 July 2017, the jury was unable to reach a unanimous verdict and the trial court granted Mr. Jones's motion for a mistrial.

¶ 35        On 7 June 2017, Mr. Jones's probation officer, Mitchell Woody, filed violation reports alleging that Mr. Jones absconded supervision and had failed to pay monies owed towards his court costs and supervision fees. In August 2017, Mr. Woody filed an addendum to the previously filed probation violation report. The August filing alleged that Mr. Jones had violated the conditions of his probation in April 2016 by committing the new criminal offenses of possessing a firearm as a felon and concealing the firearm.

¶ 36        On 14 September 2017, Judge Roberson presided over Mr. Jones's probation revocation hearing related to the allegations contained in the August 2017 probation violation report. At the outset of the hearing, the State moved to admit State's Exhibit

1, Judge Roberson's July 2017 order denying Mr. Jones's motion to suppress. The State also moved to admit State's Exhibit 2, the transcript of the motion to suppress hearing. The transcript included Sgt. Norwood's testimony. Mr. Jones's attorney lodged a specific objection to the admission of Exhibit 1, the order. He argued that the order should be excluded because it was not germane to the probation revocation proceeding since the focus of the suppression hearing was the legality of the traffic stop and whether the seized gun could be used as evidence of Mr. Jones's guilt at trial, whereas the purpose of the probation revocation hearing was whether Mr. Jones had willfully committed the offenses of carrying a concealed weapon and being a felon in possession of a firearm. Defense counsel further asserted that in addition to being irrelevant, an admission of the order into evidence would be highly prejudicial given that Mr. Jones had not been found guilty at trial on the charges alleged in the amended probation violation filing of August 2017. In response to the objection, the State argued that the jury's failure to convict Mr. Jones of new offenses did not preclude the trial court from revoking his probation if the court was reasonably satisfied that Mr. Jones committed new criminal conduct during the period of supervision.

¶ 37        Later in the hearing, after discussing the relaxed evidentiary standards in probation revocation proceedings, the State sought to admit Exhibit 2, the suppression hearing transcript, which included Sgt. Norwood's testimony. In seeking

its admission, the State asserted that under the relaxed standards of the rules of evidence at probation revocation hearings, the transcript, and by extension Sgt. Norwood's testimony, was admissible to show "whether or not [Mr. Jones] possessed a gun, whether [Mr. Jones] concealed a gun, because [the] court itself ha[d] already heard sworn testimony under oath from Sergeant Norwood and [Mr. Jones]." The State further maintained that the transcript was admissible for purposes of judicial economy. Furthermore, the State reassured the trial court that Sgt. Norwood was present, and that it was prepared to call Sgt. Norwood to testify at the hearing if the court disallowed the admission of the transcript. The State did not assert any reason why Mr. Jones should not have been permitted to confront Sgt. Norwood at the hearing. At this point it is clear from the context of the discussion that the Court and the State understood the basis for opposing admission of the transcript was that it deprived Mr. Jones of his right to cross-examine the witness whose testimony was transcribed therein.

¶ 38        After the State made its final plea to the trial court requesting that it allow the transcript and the order into evidence, defense counsel stated that he thought the court had already ruled on whether to admit the order and sought clarification from the court regarding its ruling. The trial court informed defense counsel that it had not yet resolved the issue of the order's admissibility. Thereafter, the probation revocation hearing transcript indicates that there was an interruption and a brief

recess in the proceedings.

¶ 39        Following the recess, the hearing resumed, and the trial court announced that it was going to allow the suppression hearing transcript into evidence "over objection of the defendant." The trial court subsequently declared that it was going to admit the order into evidence "over defendant's objection as well." The transcript of the probation revocation hearing does not reference defense counsel's objection to the suppression hearing transcript; however, contrary to the majority's contention, when the trial court admitted the transcript into evidence, it appears to have treated defense counsel's objection to the order separately from his objection to the transcript. The court stated:

> As to the request for State's, for the court to consider State's Exhibit Number 2, the transcript of the motion to suppress hearing, that is allowed over objection of the defendant.
>
> As to State's Exhibit Number 1, a previous order issued by the undersigned, by me, rather, regarding a motion to suppress, the court is going to admit that, except for any conclusions of law. I am going to admit it as to any factual findings I had, but because the defendant at a motion to suppress may not strategically testify, it is just something to consider, and I am not bound by whatever findings those were because we are in a different hearing that has a different ultimate goal and there may be additional evidence to be presented.
>
> I will note that ruling is over defendant's objection as well.

¶ 40        The majority is wrong to base its entire analysis on an erroneous reading of

the record, making the assertion in footnote 2 of its opinion that the trial court treated the objection to Exhibit 1 (the order) as an objection to Exhibit 2 (the transcript) and then faulting defense counsel for making the wrong argument about Exhibit 2. Notably, Mr. Jones and the State agree that defense counsel's objection to the transcript, when made, was a general objection, though the reason for the objection is not explicitly stated in the record. The majority represents that Mr. Jones never objected to the admission of the transcript from the suppression hearing, that defense counsel's objection to the transcript of the suppression hearing "[a]t most … was a general objection to relevance," and that the trial court treated defense counsel's objection to the order as an objection the transcript, *ante.* at ¶20. These assertions all conflict with the record and with the positions taken by both the State and Mr. Jones in their briefs before this Court.

¶ 41        As noted above, defense counsel specifically argued against the admission of the *order* because it was irrelevant and prejudicial. In the State's brief before this Court, it acknowledges that "[i]n addition, it is very important to note that Defendant's objection to State's Exhibit 2, the transcript of the hearing on the motion to suppress, was general, and its reason is not evaluated on the transcript." The State later insists that it ". . . strongly contends that the Defendant['s] objection to State's Exhibit 2 was a general objection, and when the Defendant objected to the entry of State's Exhibit 1 it was for relevance, not confrontation."

¶ 42        Similarly, Mr. Jones's brief corroborates the State's position. Mr. Jones
explains: "[d]efense counsel objected to both exhibits, but the record only contains
counsel's arguments regarding admission of the *order*[.]" Mr. Jones further
emphasizes that "[i]f defense counsel made any specific arguments concerning the
admission of the transcript of the prior suppression hearing, they were made during
the recess in the proceedings."

¶ 43        Only two witnesses testified at the probation revocation hearing, Mr. Woody,
who was Mr. Jones's probation officer, and Mr. Jones. The trial court ultimately found
that Mr. Jones committed new criminal offenses of possession of a firearm by a felon
and carrying a concealed weapon and that he therefore violated his probationary
sentence. The court revoked Mr. Jones's probation and ordered that the suspended
sentences previously imposed be activated to run concurrently with one another. Mr.
Jones's appeal is now before this Court, and we consider whether the Court of Appeals
erred when it affirmed the trial court's revocation of Mr. Jones's probation.

## B. Statutory right to confront witnesses at probation revocation hearings

¶ 44        A probation revocation hearing is not a criminal prosecution, *State v. Duncan*,
270 N.C. 241, 245 (1967), and therefore does not implicate a defendant's rights under
the Sixth Amendment, *State v. Braswell*, 283 N.C. 332, 337 (1973). Nevertheless,
"[t]he Due Process Clause of the Fourteenth Amendment imposes procedural and
substantive limits on the revocation of the conditional liberty created by probation."

*Black v. Romano*, 471 U.S. 606, 610 (1985). During a probation revocation hearing, "the 'minimum requirements of due process' include . . . 'the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation)[.]' " *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). In North Carolina, the confrontation right has been codified at N.C.G.S. § 15A-1345, which provides that

> [b]efore revoking or extending probation, the [trial] court must, unless the probationer waives the hearing, hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings. The State must give the probationer notice of the hearing and its purpose, including a statement of the violations alleged. The notice, unless waived by the probationer, must be given at least 24 hours before the hearing. At the hearing, evidence against the probationer must be disclosed to him, and the probationer may appear and speak in his own behalf, may present relevant information, and may confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation. The probationer is entitled to be represented by counsel at the hearing and, if indigent, to have counsel appointed in accordance with rules adopted by the Office of Indigent Defense Services. Formal rules of evidence do not apply at the hearing, but the record or recollection of evidence or testimony introduced at the preliminary hearing on probation violation are inadmissible as evidence at the revocation hearing. When the violation alleged is the nonpayment of fine or costs, the issues and procedures at the hearing include those specified in G.S. 15A-1364 for response to nonpayment of fine.

N.C.G.S. § 15A-1345(e) (2021); *see also State v. Moore*, 370 N.C. 338, 347 (2017) (Ervin, J., concurring) (noting that the statute codifies the federal due process requirement from *Gagnon*).

The majority holds that Mr. Jones waived appellate review of the issue of the trial court's violation of his statutory right to confrontation because his counsel never specifically objected on those grounds. However, a specific statement of the basis for the objection is only required "if the specific grounds were not apparent from the context." N.C. R. App. P. 10(a)(1). As we observed in *State v. McLymore*, Rule 10's specificity requirement functions to:

> [c]ontextualize[ ] the objection for review on appeal, thereby enabling the appellate court to identify and thoroughly consider the specific legal question raised by the objecting party." [*State v. Bursell*, 372 N.C. 196, 199 (2019)]. *However, . . . if the what and why are "apparent from the context," N.C. R. App. 10(a)(1)—the specificity requirement has been satisfied.*

380 N.C. 185, 2022-NCSC-12, ¶ 17 (emphasis added).

In this case, the grounds for defense counsel's general objection to the admission of the transcript were readily apparent from the context.[2] Under the statute, Mr. Jones was entitled to confront and cross-examine adverse witnesses at the probation revocation hearing unless the court found good cause for not allowing confrontation. N.C.G.S. § 15A-1345(e). The existence of that right, and it being known by the trial court, was sufficient context to make clear that the admission of the

---

[2] The majority claims that "[d]efendant contends that his objection to admission of the order preserved his constitutional argument because the specific grounds were readily apparent from the context under Rule 10(a)(1)." However, the majority here again mischaracterizes Mr. Jones's argument relative to the admission of the transcript, which is discrete from defense counsel's distinct and specific objection to the admission of the order.

transcript containing the testimony of an adverse witness without a finding of good cause to disallow confrontation was a violation of the statute.

¶ 47        Moreover, according to the State, it sought admission of the suppression hearing transcript because it contained previously offered testimony from a key adverse witness, Sgt. Norwood. The State emphasized that admitting the transcript promoted judicial economy and it reassured the trial court that it was prepared to call Sgt. Norwood to testify as a witness if the transcript was not admitted into evidence. These statements further call attention to the readily apparent context of the grounds for defense counsel's general objection to the transcript's admission. Through its declarations, the State acknowledged that the reason for defense counsel's objection centered on Mr. Jones's statutory right to confrontation. The State's declarations illustrate that the basis for the objection was clear from the context.

¶ 48        Likewise, the principle of judicial economy stands for the idea that some action should be adopted by a court to prevent what might be deemed a "needless" expenditure of court time and resources or an action that might cause "unnecessary delay and expense." *See State v. Summers*, 351 N.C. 620, 622 (2000) (explaining that judicial economy is promoted by preventing needless litigation); *Valentine v. Solosko*, 270 N.C. App. 812, 814 (2020) (noting that judicial economy is hindered when an action causes unnecessary delay and expense or needless litigation). By referring to

the principle of judicial economy, the State was asking the trial court to receive the transcript containing Sgt. Norwood's testimony into evidence as a measure to prevent delay and to conserve what amounted to the unnecessary expense of calling Sgt. Norwood to repeat testimony that had already been given in an earlier proceeding. This rationale, combined with the fact that neither party expressed doubts about the accuracy of the transcript or its relevance to the question of whether Mr. Jones violated the conditions of his probation, compels the conclusion that the only conceivable grounds for defense counsel's objection to the admission of the transcript was that in defense counsel's view, its admission deprived Mr. Jones of his statutory right to confront and cross-examine Sgt. Norwood, an adverse witness. The State's assertion that the transcript obviated the need to call Sgt. Norwood to provide live testimony and for him to be subjected to cross-examination by Mr. Jones, coupled with defense counsel's opposition to the State's position, sufficiently contextualized the readily apparent nature of the objection as an assertion of Mr. Jones's right to confrontation.

¶ 49      The Rules of Appellate Procedure are promulgated by this Court under Article IV, Section 13(2) of the North Carolina State Constitution. Compliance with the appellate rules is mandatory; the rules govern the practice and procedure in North Carolina's appellate courts along with the practices by which appellate courts review trial court judgments. *See Steingress v. Steingress*, 350 N.C. 64, 65 (1999) (noting that

compliance with the appellate rules is mandatory and that a failure to follow the rules will subject an appeal to dismissal). Appellate review performs several functions, including correcting errors committed by a trial court. *See N.C. Dep't of Env't & Natural Res. v. Carroll*, 358 N.C. 649, 662 (2004) (explaining that the traditional function of appellate courts is to review the decisions of lower tribunals or errors of law or procedure). The integrity of this Court's review function therefore requires that parties are clearly instructed on how an alleged error may be considered for correction and that parties can be confident that this Court will give effect to the language of the rules it crafts to provide such instructions. Doing so ensures that this Court may have an opportunity to address issues properly presented for review on appeal and avoids results that render any portion of the rules nugatory, thereby frustrating the fair administration of justice. Accordingly, I would hold that the grounds for defense counsel's timely, general objection to the admission of the transcript of the suppression hearing were readily apparent from the context, and thus that Mr. Jones properly preserved the issue presented for appellate review.

### C. **Preservation when a statutory mandate exists**

¶ 50 Regardless of the sufficiency of Mr. Jones's objection based on Rule 10 of the North Carolina Rules of Appellate Procedure, I would also hold that the trial court's violation of Mr. Jones's statutory right to confrontation was automatically preserved for appellate review as a violation of a statutory mandate. In *In re E.D.*, this Court

held that "[w]hen a statute is clearly mandatory, and its mandate is directed to the trial court, the statute automatically preserves statutory violations for appellate review." 372 N.C. 111, 117 (2019) (cleaned up). We have found automatic preservation "when the mandate was directed to the trial court either: (1) by requiring a specific act by the trial judge; or (2) by requiring specific courtroom proceedings that the trial judge had authority to direct." *Id*. at 119 (citations omitted). Section 15A-1345(e) encompasses both characteristics. First, the statute expressly requires the trial court to "find[ ] good cause" at a probation revocation hearing if the court does not permit the defendant to confront and cross-examine adverse witnesses. N.C.G.S. § 15A-1345(e). Second, the statute requires specific proceedings directed by the trial court, expressly instructing that "the court must . . . hold a hearing to determine whether to revoke or extend probation and must make findings to support the decision and a summary record of the proceedings." *Id.*

¶ 51 This Court has previously interpreted N.C.G.S. § 15A-1345(e) as imposing a statutory mandate on the trial court. *See State v. Coltrane*, 307 N.C. 511, 514–15 (1983); *State v. Morgan*, 372 N.C. 609, 616 (2019). Our decision in *Coltrane* is instructive. In *Coltrane*, the defendant's probation officer was not present at her probation revocation hearing. *State v. Coltrane*, 307 N.C. at 515. The prosecutor informed the trial court that he had spoken with the probation officer that morning, and that the probation officer said the defendant had not yet procured employment,

which was a condition of the defendant's probation. *Id*. at 513, 515. When questioned about her employment status, the defendant told the trial court that she did not have a job. *Id*. at 515. The trial court immediately revoked the defendant's probation and activated her suspended sentence. *Id*. The defendant was not permitted to speak on her own behalf nor present information relevant to the charge that she had violated a condition of her probation at the hearing. *Id*. at 516. We concluded that the trial court violated the defendant's statutory right to confront adverse witnesses under N.C.G.S. § 15A-1345(e) because the defendant was not allowed to confront either the prosecutor or the probation officer at the hearing. Significantly, we determined that the defendant's confrontation right was violated despite her failure to object, specifically or otherwise, on this ground. *Id*. at 515–16.

¶ 52    As in *Coltrane*, in this case the State's witness, Sgt. Norwood, did not testify at the probation revocation hearing. Thus, Mr. Jones had no opportunity to cross-examine Sgt. Norwood about the facts underlying the allegations that he committed two new offenses in April 2016. The fact that defense counsel had the opportunity to cross-examine Sgt. Norwood at Mr. Jones's suppression hearing misses the point. The relevant issues at the suppression proceeding were the legality of the traffic stop and the admissibility of the gun as evidence against Mr. Jones rather than the issues of whether Mr. Jones possessed the gun and whether it was concealed, which are the elements of the criminal offenses he was charged with committing in violation of his

conditions of probation.

¶ 53        Unlike the defendant in *Coltrane*, Mr. Jones raised a general objection to the admissibility of the transcript, a fact that the State concedes, which lends even further support for the conclusion that the issue was preserved. The pertinent provisions of N.C.G.S. § 15A-1345(e) are "clearly mandatory" and "directed to the trial court." Therefore, the issue of whether the trial court violated Mr. Jones's statutory confrontation rights under N.C.G.S. § 15A-1345(e) was preserved for appellate review because Mr. Jones was not exercising his discretion to waive cross-examination but instead, was objecting to the admission of testimony from a witness through a transcript that he could not cross-examine.

¶ 54        The majority attempts to distinguish *Coltrane* on the basis that the defendant in that case was interrupted by the trial court and was not allowed to present any information concerning the charge against her. However, this factual distinction is irrelevant to the operative legal question of whether N.C.G.S. § 15A-1345(e) imposes a statutory mandate on the trial court to make findings that there was good cause for not allowing confrontation. We said in *Coltrane* that it does, and the same rule should apply here to Mr. Jones.

¶ 55        Additionally, the majority posits that N.C.G.S. § 15A-1345(e) does not contain a statutory mandate because its language conditions a finding of good cause on an attempt by the defendant to confront or cross-examine an adverse witness. According

to the majority, because the statute says that a defendant "*may* confront and cross-examine adverse witnesses unless the court finds good cause for not allowing confrontation," it cannot be construed as imposing a statutory mandate on the trial court.

However, the majority's construction of the statute's language is flawed. The word "may" in the statute modifies the right of the defendant and tells him what he is free to do; it is not associated with the duty of the trial court, and it does not compel the defendant to take any additional affirmative action to trigger that duty. *See Campbell v. First Baptist Church of the City of Durham,* 298 N.C. 476, 483 (1979) (explaining that "the use of [the word] 'may' generally connotes permissive or discretionary action and does not mandate or compel a particular act"); *Cf. State v. House*, 295 N.C. 189, 203 (1978) (observing that "ordinarily, the word 'must' and the word 'shall,' in a statute, are deemed to indicate a legislative intent to make the provision of the statute mandatory[.]"). Thus, here, the word "may" signals that the defendant retains the discretion to exercise his statutory right to confront and cross-examine adverse witnesses and advises that he is permitted to exercise that right except when the trial court finds good cause to deny the right and disallow confrontation. Accordingly, contrary to the majority's conclusion, and consistent with this Court's precedent, a defendant does not waive for appellate review the issue of whether his statutory right to confrontation was violated by failing to provide specific

grounds for his objection to the admission of hearsay testimony. This issue is automatically preserved for appellate review by operation of law.

## D. Conclusion

¶ 57          The majority's decision imposes new, duplicative requirements for issue preservation beyond those expressly stated in Rule 10 of the North Carolina Rules of Appellate Procedure, and disregards precedent concerning automatic issue preservation when a statute directed to the trial court is not followed, all in order to avoid appellate review of defendant's argument that his probation should not have been revoked. A jury failed to convict Mr. Jones of being a felon in possession of a firearm or carrying a concealed weapon. Yet a trial court, based on a transcript of a suppression motion hearing, nevertheless found him guilty of those offenses and revoked his probation. Erecting new doctrinal hurdles to prevent appellate review in this case denies Mr. Jones a fundamental right to due process established by the Constitution and enshrined in state law. It is our responsibility to uphold the law, not to find spurious reasons to justify evading it.